JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA BRISENO,<br><br>    Plaintiff,<br><br>v.<br><br>LUKE CHARLES STRODE, et al.,<br><br>    Defendants. | Case No. CV 21-08187-FMO (RAOx)<br><br>**ORDER REMANDING ACTION AND DENYING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS** |

## I.

## FACTUAL BACKGROUND

In September 2021, Plaintiff Monica Briseno filed an unlawful detainer action in Los Angeles County Superior Court against Defendants Luke Charles Strode and DOES 1-10. *See* Dkt. No. 1 ("Notice of Removal"), Exh. A, at 5-10.[1] Defendants are allegedly occupants of real property owned by Plaintiff and located in Santa Monica, California. Notice of Removal at 7. Plaintiff asserts that Defendants have failed to comply after being served a 30-day notice to vacate and deliver up possession of the property and seeks costs and damages. *Id.* at 8-10.

---

[1] For clarity, the Court refers to the page numbers inserted by the Electronic Case Filing system.

Defendant Luke Charles Strode (hereinafter, "Defendant") filed a Notice of Removal on October 15, 2021, invoking the Court's federal question jurisdiction. *Id.* at 2-3; Dkt. No. 1-1 at 1. Defendant also filed an application to proceed in district court without prepaying fees or costs. Dkt. No. 3.

## II.

## DISCUSSION

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and statute. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). It is this Court's duty always to examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue. *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations). A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists. *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). Further, a "strong presumption" against removal jurisdiction exists. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

Defendant asserts that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441. Removal at 2-3. Section 1441 provides, in relevant part, that a defendant may remove to federal court a civil action in state court of which the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). Section 1331 provides that federal "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *See id.* § 1331.

\\\

2

Here, the Court's review of the Notice of Removal and the Complaint makes clear that this Court does not have federal question jurisdiction over the instant matter under 28 U.S.C. § 1441. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed.2d 318 (1987). Here, there is no federal question apparent from the face of the Complaint, which appears to allege only a simple unlawful detainer cause of action. *See Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C. D. Cal. Nov. 22, 2010) ("An unlawful detainer action does not arise under federal law.") (citation omitted); *IndyMac Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337-PA (DTBx), 2010 WL 234828, at *2 (C.D. Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim).

There is no merit to Defendant's contention that federal question jurisdiction exists based on the Protecting Tenants at Foreclosure Act of 2009 ("PTFA"). Removal at 2. The PTFA does not create a private right of action; rather, it provides a defense to state law unlawful detainer actions. *See Logan v. U.S. Bank Nat. Ass'n*, 722 F.3d 1163, 1164 (9th Cir. 2013) (affirming dismissal of the complaint because the PTFA "does not create a private right of action allowing [plaintiff] to enforce its requirements"); *see* 12 U.S.C. § 5220. It is well settled that a "case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393, 107 S. Ct. 2425, 2430, 96 L. Ed. 318 (1987). Thus, to the extent Defendant's defenses to the unlawful detainer action are based on alleged violations of federal law, those defenses do not provide a basis for federal question jurisdiction.

*See id.* Because Plaintiff's complaint does not present a federal question, either on its face or as artfully pled, the Court lacks jurisdiction under 28 U.S.C. § 1441.[2]

## III.
## CONCLUSION

Accordingly, IT IS ORDERED that this case is REMANDED to the Superior Court of California, County of Los Angeles, forthwith.

IT IS FURTHER ORDERED that Defendant's application to proceed in district court without prepaying fees or costs is DENIED as moot.

IT IS SO ORDERED.

DATED: October 19, 2021          /s/
                                 _____
                                 FERNANDO M. OLGUIN
                                 UNITED STATES DISTRICT JUDGE

---

[2] Defendant claims in passing that subject matter jurisdiction also exists pursuant to 28 U.S.C. § 1441(b) (providing for removal based on diversity of citizenship). Removal Notice at 2. Defendant does not argue that there is diversity of citizenship elsewhere in the Removal Notice, however, and did not indicate the citizenship of the parties on the civil cover sheet. Dkt. No. 1-1. As such, he has wholly failed to establish subject matter jurisdiction based on diversity of citizenship.

4